**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID: 321359
450 7th Avenue, 30th Floor
New York, NY 10123
Direct: (267) 857-0849
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Lisa Negron*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA NEGRON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MORRIS AUTO PARTS, INC., and HARRIS STEINBERG,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiff Lisa Negron ("Plaintiff" or "Ms. Negron"), by and through her undersigned attorneys, Derek Smith Law Group, PLLC, brings this action against Defendants Morris Auto Parts, Inc. ("Morris Auto Parts" or the "Company") and Harris Steinberg ("Steinberg") (collectively, "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for sex discrimination, sexual harassment, hostile work environment, retaliation, and constructive discharge brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. §§ 951–963 ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100 et seq. ("PFPO").

2. Plaintiff Lisa Negron was employed by Defendants as a delivery driver and later as a

front counter employee at Morris Auto Parts, an auto parts retail and wholesale store in the Kensington neighborhood of Philadelphia. During her employment, Plaintiff was subjected to repeated unwelcome physical contact by Harris Steinberg, the owner of the Company and her direct supervisor, who on multiple occasions pressed and rubbed his body against Plaintiff's buttocks. After Plaintiff objected to this conduct, Steinberg retaliated against her by demoting her, escalating his verbal abuse, and ultimately creating conditions so intolerable that Plaintiff was constructively discharged. Plaintiff seeks compensatory and punitive damages, back pay, front pay, attorneys' fees, and all other available relief.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

4. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy as the federal claims.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged herein occurred in Philadelphia, Pennsylvania, which is within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On August 29, 2024, Plaintiff filed a Charge of Discrimination (Charge No. 530-2024-09508) with the United States Equal Employment Opportunity Commission ("EEOC"), alleging sex/gender discrimination, sexual harassment, hostile work environment, and retaliation.

7. The Charge was dual-filed with the Pennsylvania Human Relations Commission

("PHRC") and the Philadelphia Commission on Human Relations ("PCHR").

8. The EEOC issued a Notice of Right to Sue on or about December 18, 2025.

9. This action is timely filed within ninety (90) days of Plaintiff's receipt of that Notice.

10. More than one year has elapsed since the filing of the PHRC complaint; accordingly, Plaintiff has satisfied all administrative prerequisites under the PHRA. See 43 P.S. § 962(c)(1).

11. Plaintiff has satisfied all conditions precedent to the filing of this action and has exhausted all required administrative remedies.

## PARTIES

12. Plaintiff Lisa Negron is an adult female individual residing in Philadelphia County, Pennsylvania. At all relevant times, Ms. Negron was an employee of Defendants and is entitled to the protections of Title VII, the PHRA, and the PFPO.

13. Defendant Morris Auto Parts, Inc. is a Pennsylvania corporation doing business at 2861 Kensington Avenue, Philadelphia, Pennsylvania 19134. Morris Auto Parts operates a retail and wholesale auto parts store with delivery services.

14. Upon information and belief, at all relevant times, Morris Auto Parts employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is therefore an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b). During the relevant period, Defendant's employees included, among others: Plaintiff, Jorge, Yari, Slim, Marco, Mike, Antonio, Jorge, Saul, Reme, Jose and his brother, Felix, Juan, Toni, Charles, Nadir and other delivery drivers and counter staff, totaling more than fifteen (15) individuals during the relevant period.

15. Morris Auto Parts is also an "employer" within the meaning of the PHRA, 43 P.S. §

954(b), and the PFPO, Phila. Code § 9-1102.

16. Defendant Harris Steinberg is an adult male individual residing in Philadelphia County, Pennsylvania. At all relevant times, Steinberg was the owner, president, and operator of Morris Auto Parts.

17. Steinberg was Plaintiff's direct supervisor and exercised substantial control over the terms and conditions of Plaintiff's employment, including but not limited to hiring, firing, work assignments, discipline, scheduling, and pay.

18. Steinberg is individually liable under the PHRA as an aider and abettor of the discriminatory and retaliatory conduct alleged herein. See 43 P.S. § 955(e).

19. Steinberg is individually liable under the PFPO for the discriminatory and retaliatory conduct alleged herein. See Phila. Code § 9-1103.

## FACTUAL ALLEGATIONS

**A. Plaintiff's Employment and Reassignment**

20. On or about January 15, 2022, Morris Auto Parts hired Plaintiff as a delivery driver.

21. At the time of Plaintiff's hire, Morris Auto Parts employed a manager named Jorge Nunez, who oversaw counter operations and supervised daily business activities.

22. In addition to deliveries, Plaintiff performed various duties as part of the Company's small workforce, including inventory management, cleaning, and assisting customers as needed.

23. Plaintiff was a reliable, dependable employee who arrived on time and demonstrated initiative in learning additional aspects of the business.

24. Over the course of approximately twelve months, Plaintiff received training from Nunez and Steinberg on counter operations, including the point-of-sale system, order fulfillment, and customer service.

25. In approximately March 2023, after Nunez departed the Company, Steinberg informed Plaintiff that she would no longer be performing deliveries and would instead work at the front counter with him on a full-time basis.

26. Steinberg personally trained Plaintiff on the counter position and worked alongside her daily.

27. Upon information and belief, no male delivery drivers were reassigned to the front counter. The male drivers continued to perform deliveries exclusively.

28. Upon information and belief, Steinberg reassigned Plaintiff to the front counter—where she would work in close physical proximity to him—because she is female and because he intended to position her in close physical proximity to himself.

**B. Sexual Harassment by Steinberg**

29. The Morris Auto Parts counter area consists of a U-shaped workspace approximately seven (7) feet by fourteen (14) feet, with computers, monitors, and telephones positioned at four or five stations around the counter.

30. The space behind the counter where employees stand and move is approximately two (2) feet wide on two sides, and approximately three to four (3–4) feet wide on the third side.

31. After Plaintiff began working at the counter, Steinberg repeatedly positioned himself directly behind her while she worked at her station.

32. On multiple occasions, Steinberg pressed, grazed, or rubbed his body and/or hand against Plaintiff's buttocks as he walked behind her, despite the availability of alternate paths of movement through the workspace.

33. The first time Steinberg made physical contact with Plaintiff's buttocks, Plaintiff objected directly to Steinberg, stating words to the effect of: "You have enough space, there is no

need for you to bump me."

34. Steinberg apologized.

35. Despite this apology and Plaintiff's explicit objection, Steinberg continued to rub and press his body against Plaintiff's buttocks on subsequent occasions.

36. Steinberg's conduct was unwelcome, and Plaintiff had made that fact unambiguously clear.

37. A few months after Plaintiff was moved to the front counter, Steinberg reassigned another female employee, Yahaira Cruz, from her position to the front counter as well.

38. Upon information and belief, no male employee was simultaneously reassigned to the front counter.

39. After Cruz began working at the front counter, Plaintiff observed that Steinberg engaged in the same pattern of physical contact with Cruz—rubbing his body against Cruz's buttocks while walking behind her in the workspace.

40. Plaintiff and Cruz discussed Steinberg's behavior with one another and shared that his conduct made them feel uncomfortable, degraded, and violated.

41. Steinberg's physical contact with Plaintiff was not accidental or incidental. It was a recurring pattern of unwelcome physical conduct directed at female employees who were positioned in close quarters with him at the front counter—a location to which he had specifically reassigned them.

## C. Hostile and Abusive Treatment

42. In addition to the unwelcome physical contact, Steinberg frequently screamed at, cursed at, and berated Plaintiff during the course of her employment.

43. Steinberg's verbal abuse was a regular occurrence and created an atmosphere of

intimidation and humiliation.

44. Because Steinberg was both the sole owner of the Company and Plaintiff's direct supervisor, there was no human resources department, no grievance procedure, and no person to whom Plaintiff could report Steinberg's conduct.

45. The power dynamic between Steinberg and Plaintiff—in which he was simultaneously the harasser, the supervisor, and the owner of the Company—created an inherently coercive environment that reasonably discouraged Plaintiff from escalating her complaints beyond her direct objections to Steinberg himself.

**D. Demotion and Retaliation**

46. In or about March 2024, after Plaintiff had been working at the front counter for approximately one year and had repeatedly objected to Steinberg's physical conduct, Steinberg demoted Plaintiff from the front counter and reassigned her back to delivery duties.

47. Steinberg cited alleged performance issues as the basis for this demotion.

48. Upon information and belief, these purported performance concerns were pretextual and were raised for the first time only after Plaintiff objected to Steinberg's unwelcome conduct.

49. The demotion constituted a materially adverse employment action: Plaintiff was removed from a position of greater responsibility and returned to a role from which she had previously been promoted.

50. The temporal proximity between Plaintiff's complaints about Steinberg's conduct and the demotion supports an inference of retaliatory intent.

**E. The June 13, 2024 Incident and Constructive Discharge**

51. On June 12, 2024, Plaintiff was making deliveries on behalf of the Company. Steinberg believed that Plaintiff was taking an unreasonable amount of time between delivery stops.

52. On June 13, 2024, immediately prior to sending Plaintiff on a delivery route, Steinberg confronted Plaintiff about alleged discrepancies on her delivery log sheets.

53. Steinberg asked Plaintiff to step into a separate room in the building, where he privately confronted her with delivery logs and invoices and accused her of falsifying her time and location records.

54. During this confrontation, Steinberg screamed at, cursed at, and berated Plaintiff in an aggressive and degrading manner.

55. Steinberg's verbal assault on June 13, 2024 caused Plaintiff to break down crying.

56. By this point, Plaintiff had endured months of unwelcome physical contact with her buttocks, a demotion in retaliation for objecting to that contact, regular verbal abuse and berating by Steinberg, and a work environment in which the sole owner and harasser controlled every aspect of her employment with no avenue for redress.

57. No reasonable employee in Plaintiff's position would have continued working under these conditions.

58. On June 13, 2024, Plaintiff called her husband and daughter to pick her up. She handed in her keys and informed Steinberg that she was quitting because she could no longer endure the way he treated her.

59. Plaintiff was constructively discharged. Her resignation was not voluntary—it was the foreseeable and coerced result of Defendants' unlawful conduct.

60. The working conditions imposed upon Plaintiff were so intolerable that a reasonable person in her position would have felt compelled to resign.

**F. Damages**

61. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and other economic damages.

62. Plaintiff has also suffered severe emotional distress, including feelings of humiliation, degradation, embarrassment, anxiety, and loss of enjoyment of life.

63. Defendants' conduct was willful, wanton, malicious, and undertaken with reckless indifference to Plaintiff's federally and state-protected rights, warranting an award of punitive damages.

<u>**COUNT I**</u>
**Title VII – Sex Discrimination**
**(Against Morris Auto Parts, Inc.)**

64. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

65. Plaintiff is a member of a protected class under Title VII on the basis of her sex (female).

66. Defendants discriminated against Plaintiff on the basis of her sex by, inter alia, reassigning her from delivery duties to the front counter where she was required to work in close physical proximity to Steinberg, while no similarly situated male employees were reassigned.

67. Defendants further discriminated against Plaintiff by demoting her from the front counter back to deliveries under pretextual justifications.

68. Plaintiff was treated less favorably than similarly situated male employees with respect to the terms, conditions, and privileges of her employment.

69. Morris Auto Parts is vicariously liable for the discriminatory acts of Steinberg, its owner

and supervisor, pursuant to Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

70. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Title VII – Sexual Harassment / Hostile Work Environment
### (Against Morris Auto Parts, Inc.)

71. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

72. Plaintiff was subjected to unwelcome sexual harassment by Steinberg, including repeated, unwelcome physical contact with her buttocks.

73. The harassment was based on Plaintiff's sex.

74. Plaintiff communicated to Steinberg that his conduct was unwelcome, and Steinberg continued the conduct notwithstanding Plaintiff's objections.

75. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a hostile and abusive working environment.

76. A reasonable person in Plaintiff's position would have found the work environment to be hostile or abusive.

77. Plaintiff subjectively perceived the work environment to be hostile and abusive.

78. The hostile work environment culminated in Plaintiff's constructive discharge on June 13, 2024.

79. Morris Auto Parts is vicariously liable for Steinberg's conduct as its owner and Plaintiff's supervisor.

80. As a direct and proximate result of the hostile work environment, Plaintiff has suffered

damages as set forth herein.

## COUNT III
### Title VII – Retaliation
### (Against Morris Auto Parts, Inc.)

81. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

82. Plaintiff engaged in protected activity when she objected to Steinberg's unwelcome physical contact and told him to stop.

83. Following Plaintiff's protected activity, Defendants subjected her to materially adverse employment actions, including but not limited to: (a) continued and escalated harassment; (b) demotion from the front counter to delivery duties in or about March 2024; (c) increased verbal abuse and hostility; and (d) constructive discharge on June 13, 2024.

84. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as demonstrated by temporal proximity and the escalating pattern of retaliatory conduct.

85. Defendants' proffered reasons for the demotion and other adverse actions are pretextual and were raised only after Plaintiff began objecting to Steinberg's conduct.

86. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered damages as set forth herein.

## COUNT IV
### PHRA – Sex Discrimination
### (Against All Defendants)

87. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

88. Defendants violated the Pennsylvania Human Relations Act, 43 P.S. § 955(a), by discriminating against Plaintiff on the basis of her sex with respect to the terms, conditions, and privileges of her employment.

89. Steinberg is individually liable under 43 P.S. § 955(e) for aiding, abetting, inciting, compelling, and/or coercing the discriminatory conduct, and for attempting to do the same.

90. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered damages as set forth herein.

**COUNT V**
**PHRA – Sexual Harassment / Hostile Work Environment**
**(Against All Defendants)**

91. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

92. Defendants violated the PHRA by subjecting Plaintiff to a hostile work environment based on her sex, including repeated unwelcome physical contact and verbal abuse.

93. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

94. Steinberg is individually liable under 43 P.S. § 955(e) for aiding and abetting the hostile work environment.

95. As a direct and proximate result of the hostile work environment, Plaintiff has suffered damages as set forth herein.

**COUNT VI**
**PHRA – Retaliation**
**(Against All Defendants)**

96. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth

herein.

97. Defendants violated the PHRA, 43 P.S. § 955(d), by retaliating against Plaintiff for opposing unlawful discriminatory practices.

98. Plaintiff engaged in protected activity by objecting to Steinberg's unwelcome physical contact.

99. Defendants retaliated by demoting Plaintiff, escalating hostility and verbal abuse, and constructively discharging her.

100. Steinberg is individually liable under 43 P.S. § 955(e) for aiding and abetting the retaliatory conduct.

101. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered damages as set forth herein.

## COUNT VII
## PFPO – Sex Discrimination
## (Against All Defendants)

102. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

103. Defendants violated the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1103(1)(a), by discriminating against Plaintiff on the basis of her sex with respect to the terms, conditions, and privileges of her employment.

104. Steinberg is individually liable under the PFPO for the discriminatory conduct alleged herein.

105. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT VIII

**PFPO – Sexual Harassment / Hostile Work Environment**
**(Against All Defendants)**

106. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

107. Defendants violated the PFPO by subjecting Plaintiff to a hostile work environment based on her sex, including repeated unwelcome physical contact and verbal abuse.

108. Steinberg is individually liable under the PFPO for the hostile work environment alleged herein.

109. As a direct and proximate result of the hostile work environment, Plaintiff has suffered damages as set forth herein.

**COUNT IX**
**PFPO – Retaliation**
**(Against All Defendants)**

110. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

111. Defendants violated the PFPO by retaliating against Plaintiff for opposing unlawful discriminatory practices.

112. Plaintiff engaged in protected activity by objecting to Steinberg's unwelcome physical conduct.

113. Defendants retaliated by demoting Plaintiff, escalating hostility and verbal abuse, and constructively discharging her.

114. Steinberg is individually liable under the PFPO for the retaliatory conduct alleged herein.

115. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered

damages as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lisa Negron respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief:

a. A declaratory judgment that Defendants' actions violated Title VII, the PHRA, and the PFPO;

b. Back pay, including lost wages, salary, and benefits, with prejudgment interest;

c. Front pay in lieu of reinstatement, or in the alternative, reinstatement to Plaintiff's former position;

d. Compensatory damages for emotional distress, pain and suffering, humiliation, and loss of enjoyment of life;

e. Punitive damages against all Defendants for their willful, malicious, and reckless conduct;

f. Reasonable attorneys' fees and costs of suit;

g. Pre- and post-judgment interest as allowed by law;

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DEREK SMITH LAW GROUP, PLLC |
|  | */s/ Ian M. Bryson, Esquire* |
|  | IAN M. BRYSON, ESQUIRE |
|  | 450 7th Avenue, 30th Floor |
|  | New York, NY 10123 |
|  | Direct: (267) 857-0849 |
| Dated: February 24, 2026 | ian@dereksmithlaw.com |
| New York, NY | *Attorneys for Plaintiff, Lisa Negron* |